IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02706-BNB

THARRON DENNIS BROWN,

      Applicant,

v.

J.W. WANDS, Warden,

      Respondent.

_____

## ORDER OF DISMISSAL

_____

      Applicant, Tharron Dennis Brown, is a prisoner in the custody of the United

States Bureau of Prisons (BOP) who currently is incarcerated at the Federal

Correctional Institution (FCI) in Florence, Colorado.  Mr. Brown initiated this action by

filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

He has been granted leave to proceed *in forma pauperis*.

      On October 31, 2011, Magistrate Judge Boyd N. Boland ordered Respondent to

file a preliminary response limited to addressing the affirmative defense of exhaustion of

administrative remedies if Respondent intends to raise that defense in this action.  On

November 21, 2011, Respondent filed a preliminary response arguing that this action

should be dismissed for failure to exhaust administrative remedies.  Mr. Brown

submitted a reply on December 9, 2011.

      The Court must construe the application and reply filed by Mr. Brown liberally

because he is not represented by an attorney.  ***See Haines v. Kerner***, 404 U.S. 519,

520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a **pro se** litigant.  **See Hall**, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the application,  and dismiss the action.

Mr. Brown alleges that his Presentence Report is inaccurate because he was assessed criminal conviction points for convictions of a person named Fred Hines, which is not an alias that Mr. Brown admits to using.

As noted above, Respondents argue that this action should be dismissed for failure to exhaust administrative remedies.  Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to § 2241.  **See Williams v. O'Brien**, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  **See Woodford v. Ngo**, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Brown.  **See** 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  **See** 28 C.F.R. §§ 542.13 - 542.15.  An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response

2

at the preceding level.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  "An inmate may not raise in an Appeal issues not raised in the lower level filings."  28 C.F.R. § 542.15(b)(2).  An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal."  *Id*.

The BOP does not track an inmate's attempts at informal resolution, but it does track formal administrative remedy requests.  According to documentation submitted by Respondent, Mr. Brown filed an administrative remedy BP-9 on August 29, 2011, which raised the same issue of an inaccurate Presentence Report that Mr. Brown raises in this action.  *See* Prelim. Resp. at Ex. A, p. 4.  The request for a corrected Presentence Report was denied.  *See id.*  Mr. Brown did not file any administrative appeals with respect to this request.  *See id.*  Therefore, Respondent argues, he has failed to exhaust administrative remedies.

Having reviewed the documents submitted by Respondent, the Court finds that Mr. Brown has failed to exhaust administrative remedies for the claim he is raising in this action.  Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate

filing fee or file a motion to proceed *in forma pauperis* in the United States Court of

Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is

dismissed without prejudice for failure to exhaust administrative remedies.  It is

FURTHER ORDERED that all pending motions are denied as moot.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied.

DATED at Denver, Colorado, this _20th_ day of ___December_____, 2011.

BY THE COURT:


_____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court